Muldrow vs. Caldwell.

RYLAND, J:—

I am of the opinion that the recent statute, "to quiet vexatious land letigation," does not apply to this case.

---

### MULDROW vs. CALDWELL.

1. Although an instruction may contain a correct abstract principle of law, yet if there be no evidence to warrant it, it is no error to refuse to give it.

### ERROR to Hannibal Court of Common Pleas.

GLOVER & CAMPBELL, for plaintiff in error.

I. The evidence was perfect to establish the discharge of McKee, that discharge would have prevented the co-debtors from taking their recourse upon him, and must, therefore, operate to their discharge also. If so, the judgment mentioned in the scire facias was not a record, and the proceedings of the inferior court, reversing the judgment, erroneous. 9 Peck 302-3; 2 Hen. & Mary. 38, is a case of satisfaction by one, and provides that the co-obligees remain bound, condition held void. 20 John 76; 12 J. R. 409; 7 Cowen 224; 14 Wend. 116; 3 Wend. 68; 1 Wend. 172; 21 Wend. 450; 2 Metcalf 287; 18 Wend. 329. This case is mainly relied on by defendant; but why, we are at a loss to perceive. C. King and W. Gavire are released and in the same instrument. A. Gavire covenants to pay the debt, p. 320. It was not then the *consent* on the part of the debtor that his co-debtor should be discharged, but his consent to remain bound which was the imposing point of the case.

We insist, the case is strongly for the plaintiff. We insist that no case, showing a payment of part of a debt due in money, or a covenant not to sue a co-debtor, is not a release, or satisfaction, is applicable to the case. Depriving the defendant of such references as these, and there is left to him as little support in authority as there is in justice.

PRATTE & REDD, for defendants in error.

I. There was no release to McKee.

A covenant or agreement with one of several joint debtors, that the creditors will look to the other joint debtors for payment, does not amount to a release. Shed v. Price et al. 17 Mass. R. 627; 1 Metc. 276, 278; Bac. Av., title, Release 266; Lacy v. Kynaston, Ld. Raymond 690; S. C. 12 Modern R., 552; Brown v. Williams, 4 Wend. 366 (in pt;) Harrison vs. Close & Wilcox, 2 John 449 (in pt;) Rawley vs. Stoddard, 7 John R., 209; Palmer vs. Green, 6 Coner. 14; Seeley vs. Spencer, 3 Vt. 334; Mason et al. vs. Jewett's admr., 2 Dana 107; Korly vs. Tayton, 6 John chry. 250.

II. If there was a release it was by parol and inoperative.

A release must be of as high a character as the debts sought to be discharged. Lewett et

Muldrow vs. Caldwell.

al. vs. Sparrow, 16 Mass. 26; Ruggles vs. Patten, 8 Mass. R., 482; Crawford vs. Millspough, 13 John 87; Hayford vs. Andrews, Crope Eliz. 697; Preston vs. Christmas, 2 Wilson 87; Dellingham vs. Estell, 3 Dana 21; Seely vs. Spencer, 3 Vt. 3343; S. C. 3 U. S. Dig. 329, 330; Bender et al. vs. Sampson et al. 11 Mass. 44.

When one of several joint obligors, pleads a release given to one of his co-obligors, such release, to constitute a defence must be shown to have been by deed under seal. De Yeng vs. Baily et al. 9 Wend. 337; Rawley vs. Stoddard, 7 John 202 (in Point;) Harrison vs. Close et al., 2 John 449; Seymour vs. Newhouse, 17 John 174.

Nothing short of an actual payment by one of several joint debtors, or a technical release under seal, can discharge the other joint debtors.   Walker vs. McCullough, 4 Greenl. 421; S. C. 3 U. S. Dig. 329, 42; Rawley vs. Stoddard, 7 John 209; Catskill vs. Messinger, 9 Cowan 38 (in pt.)

The release of McKee, if done with the consent of Muldrow, would not operate to discharge Muldrow.   Royess vs. Hosacks, 18 Wend., opinion of Justice Cowan from p. 336 to 340, and the opinion of Senator Dickerson 348.

Defendant relies on accord and satisfaction.

ANSWER —The accord was to release one not to satify or pay the defendant.

The delivery was to obtain a release of McKee, and not in payment or satisfaction of the debt.

Not the slightest evidence of payment or defence is presented by Milburn.


BIRCH, J., delivered the opinion of the court.

In this case, the scire facias recited that Alexander Caldwell, as administrator of James Caldwell, had previously recovered a judgment against William Muldrow for seven thousand five hundred dollars debt, and twelve hundred and fifty-seven dollars and fifty cents damages, together with costs.   That on the 17th of September, 1841, the letters of said Alexander Caldwell were revoked, on presentation of the will of the said James, and letters of administration, with the will annexed, were granted to Joseph Caldwell—and Muldrow was summoned to show cause why the judgment should not revive in the name of the said Joseph, together with execution &c.

The substance of the testimony upon the trial was, that the judgment originally recovered against Muldrow was on the joint note of defendant, John McKee, William Wright and Uriel Wright, the last of whom were then insolvent.   That on the 25th of September, 1843, the said John McKee assigned to James Caldwell (the deceased) an award of arbitration in his favor, against Ezra Stiles Ely, for the sum of about eighteen thousand dollars, with the understanding between the said McKee and Caldwell that the latter should collect the whole debt, if practicable, of Ely, and have for his trouble and expense in doing so, all over and above the sum which might be sufficient to discharge the debt due by himself, Muldrow and the Wrights, and with the further understanding, ("in honor,") between Caldwell and McKee, that the latter was

never more to be molested on account of said debt. This assignment was made with the knowledge and assent of Muldrow, by whom, as well as others, it was fully understood that "no party was released by the papers."

This being the substance of the testimony, as we gather it from the bill of exceptions, the defendant, by his counsel, asked the court to decide the law to be as follows :

1. If it appear from the evidence that the defendant and John McKee were jointly liable to the plaintiff for the debt now in controversy, and that in September, 1843, the plaintiff and John McKee entered into an agreement each with the other, whereby, in consideration that McKee would assign, transfer and set over to plaintiff, a certain award rendered by Messrs. Carty Wells and Samuel T. Glover, in favor of said McKee and against E. S. Ely, for 18,150 dollars and 81 cents, reserving thereupon 500 dollars due to Wells and Glover, and also a deduction of about 750 dollars to E. S. Ely; and also that he would assign and transfer in like manner all his (said McKee's) right of action, of whatever kind he had against any of the members of the late Marion City Company, said plaintiff would accept and receive the same in satisfaction and discharge of his (said McKee's) liabilities for said joint debt; and that in pursuance to said agreement said McKee did then and there assign, transfer and set over the said award, and the said rights of action to said plaintiff, and that plaintiff did receive and accept said transfer and assignments, in full satisfaction and discharge of the liabilities of said McKee for said joint debt, that this discharges the defendant as well as McKee of all liability for said debt, unless the court shall believe, from the evidence, that the defendant, knowing of the discharge of McKee, consented to continue separately bound for said debt, notwithstanding the discharge.

2. Although the court may believe from the evidence that the defendant was present at the time of the negociation of the discharge of McKee, yet his being so present, and making no objection to the discharge of his creditor McKee, will not warrant the court in finding that the defendant consented to continue separately bound.

3. In order that the defendant shall continue separately bound for the joint debt, notwithstanding the discharge of McKee, (one of the joint debtors,) it must appear affirmatively, by the evidence, that at the time of the discharge, with a full knowledge thereof, he consented to remain separately bound for the debt.

The court having overruled this motion, the defendant excepted, and after judgment for the plaintiff properly preserved the point in his mo-

---

tion for a new trial, which being also overruled he has brought the case here.

We think the court might safely have given these instructions, and have found the same verdict it did, on the ground that although they state the law properly enough, where abstractly considered, the hypothesis upon which they proceed has no sufficient foundation in the facts of this case. We think, therefore, that the court did better to refuse the instructions, for the reasons stated, and that its judgment was a proper one, in view of the facts upon which it was founded, and the law legitimately governing their application. In short, the view we have taken of the whole case is so perspicuously and so fairly presented in the prints which are made, and in the authorities which are referred to, by the counsel for the appellee, that we would deem it unnecessary and redundant either to copy or enlarge upon them.

The judgment of the court of Commons Pleas is therefore affirmed.